THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH VALENTINE, Defendant-Appellant.

Fourth District  No. 4—83—0504

Opinion filed March 30, 1984.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Tim P. Olson, State's Attorney, of Jacksonville (Robert J. Biderman and Marlene Newton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:
On May 13, 1983, defendant, Kenneth Valentine, and Tracey Jones were charged by an information filed in the circuit court of

Morgan County with three counts of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2). On June 27, 1983, defendant and Jones were charged by information with three counts of robbery based upon the same conduct as alleged in the armed robbery counts (Ill. Rev. Stat. 1981, ch. 38, par. 18—1).

At a hearing held on June 27, 1983, defendant and Jones pleaded guilty to the robbery charges. The trial court then accepted their guilty pleas and ordered that a sentencing hearing be held on July 19, 1983.

At the outset of defendant's July 1, 1983, bench trial on the armed robbery charges, the trial court dismissed the armed robbery charges against Jones pursuant to a plea agreement entered into between Jones and the State. At the conclusion of the bench trial, the trial court found defendant guilty of the three counts of armed robbery.

At the July 19, 1983, sentencing hearing, the trial court (1) sentenced defendant to concurrent terms of six years' imprisonment on each of the three armed robbery counts and to a term of three years' mandatory supervised release, and (2) ordered defendant to pay the sum of $1,433.90 as restitution to the victims and the sum of $235 in court costs. The trial court then vacated "the judgment of guilt as to [the three counts of robbery]" and dismissed those counts "as being lesser included offenses."

On appeal, defendant maintains that (1) the procedure used in this case violated his constitutional (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 10) and statutory (Ill. Rev. Stat. 1981, ch. 38, par. 3—4) guarantees against double jeopardy, and (2) the State failed to prove beyond a reasonable doubt that defendant committed the offense of robbery while "armed with a dangerous weapon" (Ill. Rev. Stat. 1981, ch. 38, par. 18—2(a)).

■ Before examining the merits of defendant's double jeopardy argument, we must address the State's contention that defendant waived his right to present this issue on appeal by failing to object to the procedure at trial. (*People v. Scales* (1960), 18 Ill. 2d 283, 164 N.E.2d 76.) The seriousness of a double jeopardy issue and the intimate relationship of the issue to the integrity and fairness of judicial proceedings warrant considering the issue as plain error (87 Ill. 2d R. 615(a)). (*People v. Pendleton* (1979), 75 Ill. App. 3d 580, 394 N.E.2d 496.) Accordingly, we conclude that defendant's failure to raise the double jeopardy issue either prior to or during the course of the July 1, 1983, bench trial did not constitute waiver of the issue for purposes of this appeal.

██ Defendant points out that (1) the robbery and armed robbery charges filed against him were based upon the same conduct, and (2) he was prosecuted for the offense of armed robbery after the trial court had accepted his guilty plea to the offense of robbery. Defendant asserts that this procedure violated his guarantee against double jeopardy.

The Supreme Court has determined that the fifth amendment guaranty against double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. (*North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.) This constitutional protection is codified in section 3—4 of the Criminal Code of 1961 which provides in part:

> "(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal ***." Ill. Rev. Stat. 1981, ch. 38, par. 3—4(a).

██ █ The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated as follows in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

Section 18—2(a) of the Criminal Code of 1961 provides that a person commits armed robbery when he or she commits robbery "while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon" (Ill. Rev. Stat. 1981, ch. 38, par. 18—2(a)). Because the included offense of robbery requires no proof beyond that which is required for conviction of the offense of armed robbery, we conclude that armed robbery is the "same offense" as robbery for purposes of double jeopardy. See *Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221.

██ Moreover, in *Brown* the Supreme Court determined that if two offenses are the same under the *Blockburger* test for purposes of barring consecutive sentences at a single trial, the offenses necessarily will be the same for purposes of barring successive prosecutions. Here, defendant was prosecuted for an offense (armed robbery) after

the trial court had accepted his guilty plea to an included offense (robbery). Accordingly, if jeopardy attached at the time the trial court accepted defendant's guilty plea, the subsequent prosecution on the armed robbery charge was barred.

■■ ■ In *People v. McCutcheon* (1977), 68 Ill. 2d 101, 368 N.E.2d 886, the court stated:

"Jeopardy attached only at the time the guilty plea was accepted by the court." (68 Ill. 2d 101, 106, 368 N.E.2d 886, 888.)

We also note that courts in various jurisdictions have concluded that jeopardy attaches at the time the trial court accepts the accused's guilty plea. (See Annot., 75 A.L.R.2d 683 (1961).) As a result, we conclude that defendant's prosecution on the armed robbery charge was barred because the trial court had previously accepted defendant's guilty plea to the robbery charge.

■ We are aware that the supreme court in *McCutcheon* determined that, for purposes of section 3—4, a plea of guilty to an included offense is not an acquittal of the principal offense. However, we believe that *McCutcheon* may be distinguished from the case at bar. There, defendant, pursuant to a plea agreement, pleaded guilty to the misdemeanor offense of contributing to the sexual delinquency of a minor and the State *nolle prossed* the felony charge of indecent liberties with a child. On direct appeal, the appellate court vacated the guilty plea for violation of Supreme Court Rule 402 (50 Ill. 2d R. 402), and remanded, allowing defendant to plead anew. Defendant was then prosecuted and convicted of both the misdemeanor and felony charges. On appeal, defendant maintained that the reinstatement of the felony charge was barred by the double jeopardy provisions.

In *McCutcheon*, the supreme court noted:

"On the issue of whether a judgment on a plea of guilty to a lesser offense (the result of negotiations in which the defendant agrees to plead guilty to a lesser included offense while the State agrees to dismiss the greater offense) is an acquittal of a greater offense, it *seems* that a defendant could not be prosecuted for the greater offense. We believe, however, that what is apparent is deceptive.

\* \* \*

[D]efendant's first successful appeal of his guilty plea placed him in the position he held prior to the plea or in the position he would have held had he been allowed to withdraw his plea. The appellate court's mandate to plead anew encompassed starting the process over. Accordingly, there was nothing to prevent the State from reinstating the greater charge." *People*

*v. McCutcheon* (1977), 68 Ill. 2d 101, 105-06, 368 N.E.2d 886, 888.

In this case, defendant made no attempt to withdraw his guilty plea in the trial court, nor did he seek to have the guilty plea vacated on appeal. Accordingly, we conclude that the *McCutcheon* case does not control this case where defendant made no attempt to place himself in the position he held prior to the trial court's acceptance of his guilty plea.

Because we have determined that the procedure used in this case placed defendant in jeopardy twice for the same offense, we need not pass on the other issue raised by defendant in his appeal. For the reasons stated herein, we reverse defendant's conviction for the offense of armed robbery, vacate the sentence imposed on defendant for that offense at the July 19, 1983, sentencing hearing, reinstate defendant's conviction for the offense of robbery, and order that defendant be sentenced on the offense of robbery.

Reversed and remanded.

MILLS, P.J., and WEBBER, J., concur.