THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DOUGLAS BENSON, Defendant-Appellant.

Second District    No. 2—92—0858

Opinion filed January 25, 1994.

Fred M. Morelli, Jr., of Law Offices of Morelli & Cook, of Aurora, and Vincent C. Argento, of Law Offices of Vincent C. Argento, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Douglas Benson, appeals, pursuant to Supreme Court Rule 604(f) (134 Ill. 2d R. 604(f)), from the order of the circuit court of Kane County denying his motion to dismiss count I of his indictment. Defendant was charged with two counts of home invasion (Ill. Rev. Stat. 1991, ch. 38, par. 12—11(a)(2) (now 720 ILCS 5/12—11(a)(2) (West 1992))). These charges stem from an incident wherein defendant allegedly entered the home of his ex-wife's boyfriend, Lawrence Pielet, and attacked his ex-wife and Pielet. This appeal addresses whether the double jeopardy clause prohibits the prosecution of defendant for home invasion arising out of the attack on Pielet when defendant had already been held in contempt of court for violating a protective order enjoining defendant from striking, harassing or interfering with the personal liberty of his ex-wife. We affirm.

Count I of the indictment alleged essentially that, on March 20, 1991, defendant entered the dwelling of Lawrence Pielet and intentionally injured Pielet by striking him in the face with his fists and throwing him on top of a table. Count II alleged that on the same date defendant entered Pielet's home and injured his ex-wife, Charene Benson, by throwing her into a window. The State filed this indictment on April 9, 1991.

Defendant moved to dismiss both counts of the indictment on double jeopardy grounds. In his amended motion to dismiss, defendant alleged that an order of protection had been entered pursuant to dissolution of marriage proceedings involving Charene and defendant. Defendant also alleged that Charene subsequently filed a petition for a rule to show cause, alleging a violation of this order of protection. In his motion, defendant quoted from Charene's petition. According to defendant, the petition read in relevant part as follows:

"As and for Count I of her Petition *** the plaintiff states:

1. That on February 25, 1991, an Agreed Order was entered herein enjoining the defendant from striking, harassing or interfering with the personal liberty of the plaintiff.

* * *

4. That on or about March 20, 1991, the defendant came to the home of Lawrence Pielet and forced his way into said home where he physically attacked both Lawrence Pielet and the plaintiff. He beat Lawrence Pielet on or about the face and knocked him unconscious and he shoved the plaintiff into and partially through an exterior window, breaking the glass, causing plaintiff to be struck about the side of the head with an attendant injury."

Defendant further alleged that, on May 6, 1991, there was a hearing on Charene's petition and the circuit court of Kendall County held defendant in contempt of court for violation of the order of protection. Defendant included, as part of the appendix to his appellant's brief, a copy of the court order finding defendant in contempt of court. This order is almost entirely illegible due to poor copy quality, does not contain the circuit court judge's signature, and apparently was never file stamped by the circuit court clerk. A copy of the order does not appear in the trial court record. During the hearing on the motion to dismiss, however, defense counsel stated that he attached a copy of this order to his motion to dismiss.

At a hearing on June 11, 1992, neither party called any witnesses, and defense counsel summarized the facts of the case for the court. The trial court denied defendant's motion with respect to count I, stating "[t]he hearing in the divorce court dealt with a specific injunction, a violation of that injunction, and I have not been shown that injunction or hearing dealt with the prohibition of entering Larry Pielet's house or injuring Larry Pielet." The trial court found, however, that prosecution under count II was barred by the double jeopardy clause and accordingly dismissed count II of the indictment.

Defendant moved to have the trial court reconsider its earlier ruling. In this motion, defendant alleged that there was no transcript available for the contempt hearing in Kendall County. Defendant attached to the motion to reconsider his affidavit and the affidavit of the attorney who represented him in the contempt proceedings. Both documents provided summaries of the contempt proceedings. Included in both affidavits was a statement that, at the hearing on Charene Benson's petition, the court heard evidence that defendant broke into Pielet's home and physically injured him. Neither document was signed or notarized, however. The trial court denied defendant's motion to reconsider, and this timely appeal followed.

■ Although the State has not raised this issue, we must first

address defendant's failure to present a sufficiently complete record of the proceedings at trial. At the hearing on the motion to dismiss, defense counsel indicated that he submitted to the trial court a copy of the order finding defendant in contempt for violating the terms of the order of protection. The record, however, contains no such order. Defendant attached a copy of this order as a part of the appendix to his appellant's brief.

It is well established that the reviewing court may consider only those matters that appear in the record on appeal. (*People v. Gacho* (1988), 122 Ill. 2d 221, 254.) Attachments to the briefs on appeal, not otherwise before the reviewing court, cannot be used to supplement the record. (*People v. Blanchette* (1989), 182 Ill. App. 3d 396, 397-98.) Because the contempt order was never made a part of the record of the trial court proceedings, we will not consider it.

Defendant, as appellant, bears the burden of presenting a sufficiently complete record of the proceedings at trial, and, in the absence of a complete record, it will be presumed that the trial court's order was in conformity with the law and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.) Thus, any doubts that may arise from the incomplete record in this case will be resolved against defendant.

The fifth amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." (U.S. Const., amend. V.) The Illinois Constitution of 1970 also provides that "[n]o person shall *** be twice put in jeopardy for the same offense." (Ill. Const. 1970, art. I, § 10.) The double jeopardy clause protects a defendant from (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664, 89 S. Ct. 2072, 2076; *People v. 1988 Mercury Cougar* (1992), 154 Ill. 2d 27, 35.

■ The Supreme Court has long held that the double jeopardy clause prohibits successive prosecutions for the same criminal act or transaction under two different statutes unless each statute "requires proof of an additional fact which the other does not." (*Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182.) The Court has recently held that the *Blockburger* test " 'is not the only standard for determining whether successive prosecutions impermissibly involve the same offense.' " (*Grady v. Corbin* (1990), 495 U.S. 508, 519, 109 L. Ed. 2d 548, 563, 110 S. Ct. 2084, 2092, quoting *Brown v. Ohio* (1977), 432 U.S. 161, 166 n.6, 53 L. Ed. 2d 187, 195 n.6, 97 S. Ct. 2221, 2226 n.6.) Even if a subsequent prose-

cution survives the *Blockburger* test, it will nevertheless be barred if "the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 521, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.

While the appeal in this cause was pending, however, the Supreme Court decided *United States v. Dixon* (1993), 509 U.S. ___, 125 L. Ed. 2d 556, 113 S. Ct. 2849. In *Dixon*, the Court overruled *Grady* and held that the *Blockburger* test governs the determination of whether successive prosecutions impermissibly involve the same offense. (*Dixon*, 509 U.S. at ___, 125 L. Ed. 2d at 573, 113 S. Ct. at 2860.) Accordingly, courts no longer need to determine whether the government would be required to prove the same conduct in both prosecutions. *Blockburger* provides the sole analysis.

The *Blockburger* test involves a comparison of the statutory elements of the offenses. If the offenses have identical statutory elements, or if one offense is a lesser included offense of another, thus not requiring proof of any fact that the other does not require, the subsequent prosecution is barred. (*People v. Astorga* (1993), 245 Ill. App. 3d 124, 127.) In situations where both prosecutions involve simple offenses, the analysis is limited to a comparison of the statutory elements of each offense. For example, in *People v. Mauricio* (1993), 249 Ill. App. 3d 904, this court held that driving under the influence of alcohol (DUI) and consumption of alcohol by a minor were different offenses for double jeopardy purposes. (*Mauricio*, 249 Ill. App. 3d at 910.) Although both offenses require the consumption of alcohol, each offense requires proof of an element that the other does not require. DUI requires the consumption of alcohol to the point of intoxication and the driving of a car, while consumption of alcohol by a minor does not. The unlawful consumption of liquor by a minor requires that the offender be a minor, while DUI does not. (*Mauricio*, 249 Ill. App. 3d at 909-10.) Because each offense requires proof of an additional fact that the other does not require, the successive prosecutions in *Mauricio* did not offend the double jeopardy clause.

Application of the *Blockburger* test is not as straightforward in situations where a defendant is held in contempt of court for violating a court order enjoining the defendant from engaging in certain conduct and is later prosecuted for a substantive offense stemming from the same conduct that gave rise to the contempt order. Three of the justices in *Dixon* would have applied *Blockburger* by comparing the elements of the offense of contempt of court to the statutory elements of the substantive offense charged. (*Dixon*, 509 U.S. at ___,

125 L. Ed. 2d at 579, 113 S. Ct. at 2865 (Rehnquist, C.J., concurring in part & dissenting in part, joined by O'Connor & Thomas, JJ.).) Two of the justices would have looked not only to the generic elements of contempt but also to the terms of the court order involved, *i.e.*, the facts needed to show a violation of a specific court order. *Dixon*, 509 U.S. at ___, 125 L. Ed. 2d at 568-72, 113 S. Ct. at 2856-59 (Scalia, J., joined by Kennedy, J.).

■ The disagreement in the Supreme Court over the proper application of *Blockburger* under these circumstances is of no consequence here, however. Even if we apply the more liberal analysis advocated by Justice Scalia, the subsequent prosecution in this case for home invasion does not offend the double jeopardy clause. The elements of indirect criminal contempt for the violation of a court order are "(i) the existence of a court order, and (ii) a willful violation of that order." (*People v. Totten* (1987), 118 Ill. 2d 124, 138.) In order to show that defendant violated the order of protection, the State needed to prove that defendant struck, harassed, or interfered with the personal liberty of Charene Benson. To secure a conviction of home invasion under count I of the indictment, the State must prove that defendant (1) entered Lawrence Pielet's home without authority, (2) knew or had reason to know that one or more persons were present in the home, and (3) intentionally caused injury to Pielet. See Ill. Rev. Stat. 1991, ch. 38, par. 12—11(a)(2) (now 720 ILCS 5/12—11(a)(2) (West 1992)).

Defendant claims that he was held in contempt of court at least in part because of his attack against Pielet. Defendant argues that his attack against Pielet constituted harassment and interference with the personal liberty of Charene Benson in violation of the order of protection. Other than the unsigned affidavits attached to defendant's motion to reconsider, there is nothing in the record on appeal indicating what occurred at the hearing on the petition for a rule to show cause. The trial court concluded that defendant failed to demonstrate that the court presiding over the hearing on the petition punished defendant for his conduct towards Pielet. Because there is nothing in the record indicating the basis for the contempt order, we presume that the trial court's finding in this respect is correct.

The *Blockburger* test is satisfied here, because a conviction of home invasion under count I would require proof that defendant entered the dwelling place of Pielet and intentionally caused injury to Pielet, while a finding of indirect criminal contempt would not. Similarly, a finding of indirect criminal contempt would require proof that defendant intentionally violated a court order by striking Charene Benson, while a conviction of home invasion under count I

would not. Because each offense requires proof of at least one additional fact that the other does not require, the subsequent prosecution of defendant for home invasion is not barred by the double jeopardy clause.

Defendant argues that the subsequent prosecution for home invasion is nevertheless barred under the double jeopardy clause contained in the Illinois Constitution of 1970 (see Ill. Const. 1970, art. I, § 10). Defendant urges us to continue to follow *People v. Stefan* (1992), 146 Ill. 2d 324. In *Stefan,* our supreme court adopted the *Grady* "same conduct" test. (*Stefan,* 146 Ill. 2d at 336.) Defendant claims that because *Stefan* has yet to be overruled, it is still the law in this State.

■ Our supreme court has stated, however, that it will consistently rely upon decisions of the United States Supreme Court based on Federal constitutional provisions to interpret comparable provisions of the State constitution, unless the language of the State constitution or the debates and committee reports of the constitutional convention show that the framers intended a different construction. (*People v. DiGuida* (1992), 152 Ill. 2d 104, 118.) The language of the double jeopardy clause contained in the State constitution is quite similar to that of the fifth amendment to the United States Constitution, and our supreme court has relied on the decisions of the United States Supreme Court to interpret the State provision. (See *Stefan,* 146 Ill. 2d at 332; *People v. Gray* (1977), 69 Ill. 2d 44, 48.) In *Stefan,* the court concluded that the appellate court in that case had erroneously relied on supreme court cases decided prior to *Grady* and overruled those cases insofar as they were inconsistent with *Grady.* (*Stefan,* 146 Ill. 2d at 336.) We must avoid committing the same error as the appellate court in *Stefan.* Accordingly, we adopt *Dixon* as controlling.

Based on the foregoing analysis, we affirm the order of the circuit court denying defendant's motion to dismiss count I of the indictment.

Affirmed.

GEIGER and BOWMAN, JJ., concur.