THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONNIE JOHNSON, Defendant-Appellant.

First District (1st Division)    No. 1—98—0389

Opinion filed March 31, 1999.

Rita A. Fry, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Julie Line Bailey, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Defendant, Ronnie Johnson, was convicted of home invasion, robbery, unlawful restraint, and two counts of attempted aggravated criminal sexual assault. Following a bench trial, the trial court sentenced him to a total of 37 years in prison. On appeal, defendant argues that the trial court violated his double jeopardy rights because after it found him not guilty of aggravated criminal sexual assault, it found him guilty of the lesser included offense of attempted aggravated criminal sexual assault, with which he had not been charged. This court has jurisdiction pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603).

We affirm for the following reasons.

We will review only the facts relevant to this appeal. Defendant entered the victim's home and physically attacked her. He hit her in the face with his fist, shoved her on the bed, unbuttoned her pants,

and put his hands in them. He then inserted his finger into her vagina twice. When the victim screamed "rape," defendant covered her mouth and told her that he would not hurt her if she cooperated. Defendant also put his tongue in the victim's mouth, ripped her shirt and bra, and fondled her breast. The victim managed to escape and run out the front door, where a neighbor helped her. On the day of the attack, the victim told the police what had happened, but did not tell them that defendant had inserted his finger into her vagina. Two days later, the victim told the assistant State's Attorney that defendant had penetrated her with his finger. At trial, the victim explained that she had not revealed that information to the police immediately because she had suffered sexual abuse as a child and had difficulty discussing what defendant had done to her. After hearing the evidence, the trial court concluded that because the victim had not disclosed for two days the fact that defendant had penetrated her with his finger, "the evidence cannot satisfy *** my mind beyond a reasonable doubt that certain matters complained of in this instance days later did in fact occur." As a result, the court found defendant not guilty of aggravated criminal sexual assault.

Just as the trial court was completing its findings on the 12 counts with which defendant was charged, the State interrupted the court as follows:

> "May I understand the Court's ruling in this case concerning the digital penetration and lack thereof?
>
> As Courts in this jurisdiction and you so are empowered to do, you may find the lesser included offense of attempt aggravated criminal sexual assault."

Immediately after discussing the lesser included offense with counsel from both sides, the trial court found that "[a]s to Counts One through Five [aggravated criminal sexual assault] and Count Seven [criminal sexual assault] I will reverse myself and find the defendant guilty of attempt [aggravated] criminal sexual assault."

■ Defendant argues that the trial court violated his double jeopardy rights because it made a final judgment acquitting him of aggravated criminal sexual assault and then "reversed" itself by finding him guilty of attempted aggravated criminal sexual assault. We review the trial court's judgment *de novo* because it is a legal question. *See People v. Foskey*, 136 Ill. 2d 66, 554 N.E.2d 192 (1990). No person shall be twice placed in jeopardy for the same offense. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. In double jeopardy analysis, the substance of what was done controls, not how it was labeled. *Serfass v. United States*, 420 U.S. 377, 392, 43 L. Ed. 2d 265, 276-77, 95 S. Ct. 1055, 1064 (1975). The double jeopardy clause protects "the right to

602

one full and fair opportunity to convict those who have violated [society's] laws." *Ohio v. Johnson*, 467 U.S. 493, 502, 81 L. Ed. 2d 425, 435, 104 S. Ct. 2536, 2542 (1984).

■ "It is axiomatic that no person may be convicted of an offense [which he] has not been charged with committing. [Citation.] However, an accused may be convicted of an offense not expressly included in the charging instrument if that offense is a 'lesser included offense' of the offense expressly charged." *People v. Jones*, 149 Ill. 2d 288, 292, 595 N.E.2d 1071, 1073 (1992).

■ We find there was no double jeopardy violation, despite the court's statement that it was "reversing" its findings on counts I through V and count VII because the court did not change its "not guilty" finding on the greater offense. Rather, the court made an additional finding on a separate crime, immediately after the State interrupted it in the midst of its rulings. Furthermore, the court was entitled to find defendant guilty of a lesser included offense of attempted aggravated criminal sexual assault, even though defendant was not charged with the lesser included offense. Accordingly, upon a careful review of the record, we find no error.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.