THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TED B. GRAY, Defendant-Appellant.

Fourth District　No. 4—02—0274

Argued November 13, 2002.—Opinion filed January 15, 2003.

Reino C. Lanto, Jr. (argued), of Rantoul, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE APPLETON delivered the opinion of the Court:

In a case separate from this one, No. 00—CF—648 in Coles County,

the State charged defendant, Ted. B. Gray, with four counts of criminal sexual assault (720 ILCS 5/12—13(a)(1), (a)(3) (West 1998)) and one count of unlawful possession of a weapon without a valid firearm owner's identification card (430 ILCS 65/2(a)(1) (West 1998)). The information erroneously alleged that defendant had committed the sexual assaults entirely within Coles County. Discovery suggested that although some of the sexual assaults occurred in Coles County, most of them occurred in Champaign County.

Pursuant to a plea agreement with the Coles County State's Attorney, defendant pleaded guilty, in case No. 00—CF—648, to two counts of criminal sexual assault and to the one count of unlawful possession of a weapon, and the State dismissed the remaining two counts of criminal sexual assault. The Coles County circuit court sentenced defendant to five years' imprisonment, among other punishments.

While defendant was in prison, serving the sentence he received in the Coles County case, the State filed the indictment in the present case, in the Champaign County circuit court, charging defendant with five counts of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 1998)). Four of the five counts were based on the same conduct for which defendant was prosecuted in Coles County. Pleading double jeopardy, defendant moved to dismiss those four counts, and the Champaign County circuit court denied his motion. Defendant appeals pursuant to Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)). We hold that the prosecution in the present case does not violate the plea agreement or the constitutional and statutory guarantees against double jeopardy. See U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 10; 720 ILCS 5/3—4 (West 2000). Therefore, we affirm the trial court's judgment.

## I. BACKGROUND

On November 13, 2000, in case No. 00—CF—648, the Coles County State's Attorney filed a five-count information against defendant in the Coles County circuit court. The first four counts alleged criminal sexual assault—counts I and II alleging a violation of section 12—13(a)(3) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12—13(a)(3) (West 1998)) and counts III and IV alleging a violation of section 12—13(a)(1) (720 ILCS 5/12—13(a)(1) (West 1998)). The fifth count alleged unlawful possession of a weapon (a count irrelevant to the issue of double jeopardy).

Specifically, count I stated that in approximately 1998, in Coles County, defendant sexually penetrated his daughter, A.M.G., by placing his mouth over her vagina and his fingers in her vagina.

Count II stated that in 1998, in Coles County, he did the same to his other daughter, J.L.G.

Count III stated that in 1998, in Coles County, he forced J.L.G. to place her mouth on his penis and stimulate him.

Count IV stated that in 1998, in Coles County, he forced A.M.G. to do the same. Each of those counts specified the girls' birth dates. A.M.G. was born on May 27, 1987, and J.L.G. was born on March 25, 1986.

The Coles County State's Attorney provided defendant the disclosures required by Supreme Court Rule 412 (188 Ill. 2d R. 412). The disclosures included an interview of A.M.G., J.L.G., and defendant on November 1, 2000, by Darrell Cox, a detective of the Coles County sheriff's department. A.M.G. told Cox that in 1998, when she was 11, she and J.L.G. were with defendant under a bridge near Sadorus (in Champaign County). There, at defendant's direction, each of them performed fellatio on him. A.M.G. said that on another occasion, in their home in Coles County, defendant touched her vagina with his fingers and put his mouth on her vagina.

In her interview with Cox, J.L.G. also recounted the incident under the bridge. She said that somewhere in the countryside near Sadorus, she, A.M.G., and defendant went under a bridge, where, in J.L.G.'s words, "He made us suck on *** his dick." She also said defendant had put his mouth on her "private parts" in his bedroom.

After Cox advised him of his *Miranda* rights (see *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)), defendant admitted having A.M.G. and J.L.G. touch his penis under a bridge north of Sadorus in 1998, while they were on a fishing trip. He also admitted putting his mouth and tongue on J.L.G.'s vagina in his residence at Sadorus. He insisted, however, that he never penetrated J.L.G. or A.M.G., either with an object or with any part of his body. According to defendant, all of those sexual acts occurred within a span of 12 to 18 months, from 1997 to 1998. On July 4, 1998, he, his wife, and his daughters moved from Sadorus to Arcola, in Coles County. Only one incident happened in Coles County, when he touched A.M.G.'s breasts as she lay in bed.

Defendant entered into a plea agreement with the Coles County State's Attorney, whereby he agreed to plead guilty to counts I, II, and V and the State agreed to dismiss counts III and IV and recommend that any incarceration not exceed one year. On June 27, 2001, after his guilty plea but before sentencing, defendant received a presentence report, which stated: "Defendant appears to have Class X felony charges being sought out of Champaign County for predatory sexual assault of a child." Until then, defendant was unaware that the Champaign County State's Attorney intended to prosecute him.

On July 2, 2001, in the Coles County circuit court, defendant filed

a "Motion to Supplement Record in Support of Plea and Alternatively for Leave to Withdraw Plea." In that motion, defendant stated: "[T]he People's discovery indicated that a number of the acts alleged in [c]ounts I through IV took place in Champaign County rather than Coles County." He acknowledged that in pleading guilty to counts I, II, and V, he had knowingly and intelligently waived any objection to the improper venue. According to the motion, defendant's attorney spoke with Champaign County Assistant State's Attorney William Gaston before defendant pleaded guilty. At that time, Gaston represented to defendant's attorney that the Champaign County State's Attorney was "not then contemplating any charges against [d]efendant." Later, upon receiving the presentence report, defendant learned that the Champaign County State's Attorney was indeed contemplating filing charges against him.

Defendant explained in his motion:

> "Defendant does not wish to withdraw his plea herein if he be allowed to supplement the factual record in support thereof in order that his [c]onstitutional rights against double jeopardy be fully protected should Champaign County seek prosecution based in whole or part upon the very acts underpinning some of his [c]ounts herein; [h]owever[,] in the event this [c]ourt refuses his request to supplement the record to reflect the foregoing, under the current circumstances, the only other means of protecting [d]efendant's right against double jeopardy may be to move to withdraw his plea."

Accordingly, he requested leave to supplement the record supporting his guilty plea by adding the State's disclosures. Alternatively, he requested leave to withdraw his guilty plea. The record does not appear to indicate whether the Coles County circuit court ruled on the motion.

On July 3, 2001, pursuant to the plea agreement, the Coles County circuit court entered judgment on counts I, II, and V and sentenced defendant to imprisonment for five years, among other punishments. The State dismissed counts III and IV.

On September 6, 2001, in the present case, the Champaign County State's Attorney filed a five-count indictment against defendant in the Champaign County circuit court. All five counts charged him with predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 1998)). Each of the counts alleged that defendant was 17 years of age or older and his daughters were under 13 years of age when he victimized them.

Count I stated that in the summer of 1998, in Champaign County, defendant sexually penetrated A.M.G. by putting his penis in her mouth.

Count II stated that in the summer of 1998, in Champaign County, defendant sexually penetrated J.L.G. by putting his penis in her mouth, "while under a bridge."

Count III stated that in the summer of 1998, in Champaign County, defendant sexually penetrated J.L.G. by putting his penis in her mouth, "while in the family home."

Count IV stated that in the summer of 1998, in Champaign County, defendant sexually penetrated J.L.G. by putting his mouth on her sex organ, "while in the family home."

Count V alleged that in July 1999, in Champaign County, defendant sexually penetrated A.M.G. by placing his finger in her sex organ.

In its brief in this appeal, the State says that "the Coles County charges and the Champaign County charges are based on the same acts" and that "these acts occurred in Champaign County." (Apparently the date "1999," in count V, is an error.)

On January 15, 2002, in the present case, defendant filed a motion to dismiss counts I, II, IV, and V on the ground of double jeopardy. (Count III, he admits, alleges a different act than any of the counts in the Coles County case.) The Champaign County circuit court denied the motion because, in the court's words, "the Coles County prosecutor [could not] bar the Champaign County State's Attorney from proceeding on prosecuting separate and distinct offenses."

This appeal followed.

## II. ANALYSIS

### A. Standard of Review

Defendant states that "the proceedings and ruling in the trial court were based upon the record, discovery[,] and pleadings in this and the Coles County prosecution." As the State does not disagree, we will review this case *de novo*. See *People v. Daniels*, 187 Ill. 2d 301, 307, 718 N.E.2d 149, 155 (1999), *cert. denied*, 529 U.S. 1088, 146 L. Ed. 2d 644, 120 S. Ct. 1723 (2000); *People v. Burnette*, 325 Ill. App. 3d 792, 806, 758 N.E.2d 391, 404 (2001); *People v. Johnson*, 304 Ill. App. 3d 599, 601, 710 N.E.2d 161, 163 (1999), *appeal denied*, 186 Ill. 2d 579, 723 N.E.2d 1166 (1999).

### B. Section 3—4(a)(1)

■ Defendant contends that sections 3—4(a) and (b) of the Criminal Code (720 ILCS 5/3—4(a), (b) (West 2000)) bar the State from prosecuting him on counts IV and V in the present case. The purpose of section 3—4 is to codify rules against double jeopardy. *People v. Mueller*, 109 Ill. 2d 378, 383, 488 N.E.2d 523, 525 (1985). Section 3—4(a)(1) provides as follows:

"(a) A prosecution is barred if the defendant was formerly prosecuted for *the same offense*, based upon the same facts, if such former prosecution:

(1) Resulted in \*\*\* a conviction \*\*\*[.]" (Emphasis added.) 720 ILCS 5/3—4(a)(1) (West 2000).

If " 'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each *provision* [that is to say, statutory provision] requires proof of an additional fact which the other does not.' " (Emphasis added.) *People v. Valentine*, 122 Ill. App. 3d 782, 785, 461 N.E.2d 1388, 1390 (1984), quoting *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182 (1932).

■ In case No. 00—CF—648 in Coles County, by his guilty plea to counts I and II, defendant was convicted of violating section 12—13(a)(3) of the Criminal Code (720 ILCS 5/12—13(a)(3) (West 1998)). That section provides:

"(a) The accused commits criminal sexual assault if he or she:

\* \* \*

(3) commits an act of sexual penetration with a victim who was under 18 years of age when the act was committed and the accused was a family member[.]" 720 ILCS 5/12—13(a)(3) (West 1998).

In the present case, defendant is charged with violating section 12—14.1(a)(1) of the Criminal Code (720 ILCS 5/12—14.1(a)(1) (West 1998)). That section provides:

"(a) The accused commits predatory criminal sexual assault of a child if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed[.]" 720 ILCS 5/12—14.1(a)(1) (West 1998).

Section 12—13(a)(3) requires proof that the accused was a family member; section 12—14.1(a)(1) does not. Section 12—14.1(a)(1) requires proof that the accused was 17 years of age or older and that the victim was under 13 years of age; section 12—13(a)(3) does not. Therefore, defendant is now charged with an offense different from criminal sexual assault, and section 3—4(a)(1) of the Criminal Code is inapplicable.

Citing *People v. Hamilton*, 179 Ill. 2d 319, 324, 688 N.E.2d 1166, 1169 (1997), and *People v. Novak*, 163 Ill. 2d 93, 643 N.E.2d 762 (1994), defendant urges us to compare the charging instruments in the present case and case No. 00—CF—648 to determine whether they charge the same offense for purposes of double jeopardy. Although counts I and II

in case No. 00—CF—648 did not explicitly say he was 17 years of age or older, defendant argues those counts necessarily so implied, because they specified his daughters' birth dates and, from that information, we can infer it would have been impossible for him to father them unless he was older than 17 at the time of the offense.

■ In *Hamilton*, 179 Ill. 2d at 324, 688 N.E.2d at 1169, the supreme court held: "*In determining whether a particular offense is included in a charged offense,* \*\*\* the proper approach is to examine both the charging instrument and the evidence adduced at trial." (Emphasis added.) Likewise, in *Novak*, 163 Ill. 2d at 112-13, 643 N.E.2d at 772, the supreme court held that "[t]he charging instrument approach best serves the purposes of *the lesser included offense doctrine.*" (Emphasis added.) The supreme court never held, in *Hamilton* and *Novak*, that the charging instruments determine whether a defendant was prosecuted for the same offense or different offenses for purposes of double jeopardy. In fact, double jeopardy was not even an issue in those cases.

Defendant cites *People v. Stefan*, 146 Ill. 2d 324, 340, 586 N.E.2d 1239, 1248 (1992), in support of his argument that double jeopardy "bars subsequent prosecution if the government seeks to rely on *conduct* for which defendant has already been prosecuted to prove an offense or element thereof." (Emphasis added.) Defendant accurately states the holding of *Stefan*, but because *Stefan* derived that holding from *Grady v. Corbin*, 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084 (1990), which the United States Supreme Court later overruled in *United States v. Dixon*, 509 U.S. 688, 704, 125 L. Ed. 2d 556, 573, 113 S. Ct. 2849, 2860 (1993), the continued vitality of *Stefan* is in doubt. *People v. Benson*, 256 Ill. App. 3d 560, 566, 627 N.E.2d 1207, 1211 (1994). *Dixon* pointedly rejected the same-conduct rule in favor of the statutory-elements rule in *Blockburger*. *Dixon*, 509 U.S. at 704, 125 L. Ed. 2d at 573, 113 S. Ct. at 2860. As the Second District said in *Benson*, 256 Ill. App. 3d at 566, 627 N.E.2d at 1211:

> "Our supreme court has stated \*\*\* that it will consistently rely upon decisions of the United States Supreme Court based on [f]ederal constitutional provisions to interpret comparable provisions of the [s]tate constitution, unless the language of the [s]tate constitution or the debates and committee reports of the constitutional convention show that the framers intended a different construction. [Citation.] The language of the double jeopardy clause contained in the [s]tate constitution is quite similar to that of the fifth amendment to the United States Constitution, and our supreme court has relied on the decisions of the United States Supreme Court to interpret the [s]tate provision. [Citations.] In

*Stefan*, the court concluded that the appellate court in that case had erroneously relied on supreme court cases decided prior to *Grady* and overruled those cases insofar as they were inconsistent with *Grady*. [Citation.] We must avoid committing the same error as the appellate court in *Stefan*. Accordingly, we adopt *Dixon* as controlling."

"[T]he *sole* guide to evaluate whether the offenses are the same for the purposes of double jeopardy is *the statutory definition of each offense*; no inquiry is made into the conduct giving rise to the offenses." (Emphases added.) *People v. Sienkiewicz*, 331 Ill. App. 3d 70, 75, 771 N.E.2d 580, 585 (2002), citing *Dixon*, 509 U.S. at 710-12, 125 L. Ed. 2d at 577-78, 113 S. Ct. at 2863-64. Using the statutory definitions as our sole guide, we conclude that predatory criminal sexual assault of a child is an offense different from criminal sexual assault because each of those offenses has a statutory element that the other lacks. See *Valentine*, 122 Ill. App. 3d at 785, 461 N.E.2d at 1390.

### C. Section 3—4(b)(1)

■ Section 3—4(b)(1) of the Criminal Code provides:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense ***, if such former prosecution:

(1) Resulted in *** a conviction ***, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in [s]ection 3—3 of this Code (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution ***[.]" 720 ILCS 5/3—4(b)(1) (West 2000).

The supreme court explained in *Mueller*, 109 Ill. 2d at 383-84, 488 N.E.2d at 525:

"The prohibition[,] in the first clause of section 3—4(b)(1)[,] against a subsequent prosecution for a 'different offense' of which the accused 'could have been convicted' in an earlier prosecution does no more than restate the established double[-]jeopardy principle that acquittal or conviction of one offense bars a *later prosecution for a lesser included offense*. [Citations.] Thus, the language *** refers not to all other charges which could have been, but were not, joined in the initial prosecution, but only those of which [the defendant] was *actually* in peril of being convicted in the *** trial." (Emphases added.)

■ A lesser included offense is a less serious offense than the one charged. *Hamilton*, 179 Ill. 2d at 323, 688 N.E.2d at 1169. In case No.

00—CF—648, defendant was not in actual peril of being convicted of predatory criminal sexual assault of a child because that offense, a Class X felony (720 ILCS 5/12—14.1(b)(1) (West 1998)), was a *more* serious offense than the one with which he was charged, criminal sexual assault, a Class 1 felony (720 ILCS 5/12—13(b)(1) (West 1998)). See 730 ILCS 5/5—8—1(a)(3), (a)(4) (West 2000). A defendant cannot be convicted of an offense with which he or she has not been charged unless it is a lesser included offense, *i.e.*, a less serious offense included within the one charged. *Hamilton*, 179 Ill. 2d at 323, 688 N.E.2d at 1169. Predatory criminal sexual assault of a child was not a lesser included offense in case No. 00—CF—648, and therefore section 3—4(b)(1) is inapplicable.

The third clause of section 3—4(b)(1) is inapplicable because, as we explained, criminal sexual assault and predatory criminal sexual assault of a child each require proof of a fact not required by the other.

■ The remaining question is whether the second clause of section 3—4(b)(1) is applicable. It references section 3—3(b) of the Criminal Code, which provides:

> "If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution *** if they are based on the same act." 720 ILCS 5/3—3(b) (West 2000).

"These provisions for compulsory joinder were intended to prevent successive prosecutions which amount to harassment of a defendant and which were a means of hedging against the risk of an unsympathetic jury at the first trial." *People v. Kennedy*, 161 Ill. App. 3d 197, 199, 514 N.E.2d 251, 252 (1987). Section 3—3 " 'establish[es] an addition to the grounds of double jeopardy in this [s]tate.' " *People v. Thomann*, 197 Ill. App. 3d 516, 518, 554 N.E.2d 755, 757 (1990), quoting Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments, at 127 (Smith-Hurd 1989).

The State argues that the present prosecution is not "for an offense with which the defendant should have been charged on the former prosecution, as provided in [s]ection 3—3" (see 720 ILCS 5/3—4(b)(1) (West 2000)), because the Coles County State's Attorney could not "properly initiate charges for offenses that [did] not occur in his county." The State cites our decision in *People v. Mueller*, 130 Ill. App. 3d 385, 474 N.E.2d 434 (1985), *aff'd*, 109 Ill. 2d 378, 488 N.E.2d 523 (1985).

In *Mueller*, 130 Ill. App. 3d at 386, 474 N.E.2d at 435, the defendant shot and killed two men in Scott County. He later loaded

the bodies into the back of his pickup truck, drove to Cass County, and dumped them into a creek. *Mueller*, 130 Ill. App. 3d at 386, 474 N.E.2d at 435. The Scott County State's Attorney charged the defendant with murder, but, on the defendant's motion, the murder trial was held in Sangamon County. *Mueller*, 130 Ill. App. 3d at 386, 474 N.E.2d at 435. The defendant testified he had killed the men in self-defense, and the Sangamon County jury found him not guilty of murder. *Mueller*, 130 Ill. App. 3d at 386, 474 N.E.2d at 435. After the acquittal in Sangamon County, the Cass County State's Attorney charged the defendant with concealment of homicidal deaths. *Mueller*, 130 Ill. App. 3d at 386, 474 N.E.2d at 435.

The defendant argued that section 3—4(b)(1) of the Criminal Code barred the prosecution in Cass County because " 'the subsequent prosecution [was] for an offense of which the defendant could have been convicted on the former prosecution.' " *Mueller*, 130 Ill. App. 3d at 387, 474 N.E.2d at 436, quoting Ill. Rev. Stat. 1983, ch. 38, par. 3—4(b)(1). We disagreed with the defendant for the following reason:

"The Scott County State's Attorney could not have properly instituted charges against defendant for the offenses of concealment committed in Cass County. [Citation.] Since defendant could not have been properly charged with this offense, he could not have been convicted of it in the prior prosecution for murder." *Mueller*, 130 Ill. App. 3d at 389, 474 N.E.2d at 437.

By the same reasoning, the Coles County State's Attorney could not "properly" commence a prosecution against defendant for crimes he had committed in Champaign County. See 720 ILCS 5/1—6(a) (West 2000); *People v. Gallegos*, 293 Ill. App. 3d 873, 879, 689 N.E.2d 223, 226 (1997). As defendant correctly points out, venue is not jurisdictional. *People v. Dunn*, 52 Ill. 2d 400, 402, 288 N.E.2d 463, 464 (1972); *People v. Goulet*, 52 Ill. App. 3d 609, 611, 367 N.E.2d 1045, 1047 (1977). The State need not even prove that the offense occurred in a particular county. 720 ILCS 5/1—6(a) (West 2000). By pleading guilty or failing to object before trial, a defendant waives, *i.e.*, forfeits, any objection to the improper venue, and the circuit court can thereafter sentence the defendant for the crime, even though the defendant committed the crime in a county other than that in which the court sits. *Dunn*, 52 Ill. 2d at 402, 288 N.E.2d at 464; *Goulet*, 52 Ill. App. 3d at 611, 367 N.E.2d at 1047; 720 ILCS 5/1—6(a) (West 2000).

The question under section 3—3(b), however, is whether the Coles County State's Attorney was the "proper prosecuting officer *at the time of commencing the prosecution*" (emphasis added) (720 ILCS 5/3—3(b) (West 2000))—before defendant waived his objection to the improper venue. We agree with defendant that both the Coles County

State's Attorney and the Champaign County State's Attorney were agents of a single principal: the State or the People. See *People v. Starks*, 106 Ill. 2d 441, 448-49, 478 N.E.2d 350, 353-54 (1985). It does not follow, however, that both State's Attorneys were the "proper prosecuting officer" to commence a prosecution, regardless of the locus of the offense. If Coles County was an improper venue, the State's Attorney of that county could not logically have been the "proper prosecuting officer." Therefore, the second clause of section 3—4(b)(1) is inapplicable.

One might argue that letting the Champaign County State's Attorney prosecute defendant would defeat the purpose of section 3—3(b). By keeping one of the charges in reserve, the State might have been "hedging against the risk" that the Coles County circuit court would be too lenient. See *Kennedy*, 161 Ill. App. 3d at 199, 514 N.E.2d at 252. Defendants can protect themselves from this situation, however, by (1) not pleading guilty to committing an offense in a county unless they did indeed commit the offense in that county and (2) objecting to the improper venue.

## D. The Plea Agreement

■ Defendant argues that because the Coles County State's Attorney was an agent of the State when he concluded the plea agreement with defendant, the State cannot violate that agreement "simply by finding another of its representatives willing to prosecute the same conduct in a different county." In support of that contention, defendant cites only *Starks*. In *Starks*, 106 Ill. 2d at 444, 478 N.E.2d at 351, the prosecutor promised to dismiss a charge of armed robbery if the defendant passed a polygraph test. The defendant passed the test, but the State's Attorney refused to dismiss the charge. *Starks*, 106 Ill. 2d at 444, 478 N.E.2d at 351. The supreme court held that if the prosecutor did indeed enter into such an agreement, the State's Attorney was bound by it and had to dismiss the charge. *Starks*, 106 Ill. 2d at 449, 478 N.E.2d at 354. The supreme court never held, in *Starks*, that an agreement not to prosecute a defendant for a *specific* offense bars the State from prosecuting the defendant for a *different* offense based on the same conduct. Nor does defendant cite any authority supporting that proposition. In his recitation of facts in his brief, defendant states only that the State agreed not to prosecute him for two counts of criminal sexual assault. The State appears to have fulfilled that agreement. Predatory criminal sexual assault of a child is a different offense, even though it is based on the same conduct.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, P.J., and KNECHT, J., concur.