(No. 95750.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lee, v. TED B. GRAY, Appellant.

*Opinion filed January 21, 2005.*

2

Reino C. Lanto, Jr., of Rantoul, for appellant.

Lisa Madigan, Attorney General, of Springfield, and John Piland, State's Attorney, of Urbana (Gary Feinerman, Solicitor General, and Linda Woloshin and Colleen M. Griffin, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE KILBRIDE delivered the opinion of the court:

Pursuant to a plea agreement, defendant Ted B. Gray pleaded guilty in Coles County to two counts of criminal sexual assault (720 ILCS 5/12—13(a)(3) (West 1998)) and one count of unlawful possession of a weapon (430 ILCS 65/2(a)(1) (West 1998)). While defendant was in prison

serving the sentence he received in Coles County, an indictment was filed in Champaign County, charging defendant with five counts of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1 (West 1998)). Four of the five Champaign County counts were based on the same conduct that formed the basis of the Coles County prosecution. Defendant moved to dismiss those four counts, and the Champaign County circuit court denied his motion.

Defendant appealed, arguing double jeopardy (188 Ill. 2d R. 604(f)), and the appellate court affirmed the circuit court's judgment (336 Ill. App. 3d 356). We allowed defendant's petition for leave to appeal. 177 Ill. 2d R. 315(a). We now affirm the judgments of the appellate court and the circuit court and remand the cause to the circuit court of Champaign County for further proceedings consistent with this opinion.

I. BACKGROUND

On November 13, 2000, a five-count information was filed against defendant in Coles County. The first four counts alleged criminal sexual assault, a Class 1 felony, in violation of sections 12—13(a)(1) and 12—13(a)(3) (720 ILCS 5/12—13(a)(1), (a)(3) (West 1998)) of the Criminal Code of 1961. The fifth count alleged unlawful possession of a weapon in violation of section 2(a)(1) of the Firearm Owners Identification Card Act (430 ILCS 65/2(a)(1) (West 1998)). That count was not related in any way to the offenses charged in counts I through IV.

Information later garnered through discovery suggested that some of the offenses charged in counts I though IV had occurred in Coles County and some of those offenses had occurred in Champaign County. Upon learning that some of the offenses charged in Coles County may have occurred in Champaign County, defendant placed Coles County on notice of his affirmative defense of improper venue by filing a disclosure pursuant to Supreme Court Rule 413 (134 Ill. 2d R. 413).

Defendant then entered into a plea agreement with the Coles County State's Attorney, whereby defendant agreed to plead guilty to counts I, II, and V, and the State agreed to dismiss counts III and IV and to recommend that any incarceration not exceed one year. Sometime after defendant tendered his plea, defendant's attorney became aware that Champaign County may have been conducting an investigation. Defendant's attorney then contacted the Champaign County State's Attorney's office and gave notice of the plea agreement in the Coles County proceeding, informing the Champaign County office that some of the offenses charged in Coles County appeared to have been committed in Champaign County. A Champaign County assistant State's Attorney told defendant's attorney that the Champaign County State's Attorney was not aware of any investigation and that he was "not then contemplating any charges against [d]efendant." On June 27, 2001, after pleading guilty but before sentencing, defendant received a presentence report indicating that the Champaign County State's Attorney was indeed contemplating filing charges against him.

A few days later, in the Coles County circuit court, defendant filed a "Motion to Supplement Record in Support of Plea and Alternatively for Leave to Withdraw Plea." In that motion, defendant stated: "[T]he People's discovery indicated that a number of the acts alleged in Counts I through IV took place in Champaign County rather than Coles County." Defendant also noted defense counsel's prior discussion with the Champaign County assistant State's Attorney's office. Defendant acknowledged in his motion that in pleading guilty, he had knowingly and intelligently waived any objection to the improper venue. Accordingly, defendant requested leave to supplement the record supporting his guilty plea by adding the State's disclosures to protect his constitutional

rights should Champaign County seek prosecution against him. Alternatively, he requested leave to withdraw his guilty plea. The court allowed defendant's request to supplement the record, and the guilty plea was not withdrawn.

On July 3, 2001, pursuant to the plea agreement, the Coles County circuit court entered judgment on counts I, II, and V and sentenced defendant to concurrent sentences of five years on each count. The State dismissed counts III and IV. Two months later, the Champaign County State's Attorney filed the five-count information against defendant in Champaign County at issue in the present case. All five counts charged defendant with predatory criminal sexual assault of a child (720 ILCS 5/12—14.1 (West 1998)), a Class X felony.

Defendant filed a motion to dismiss all of the counts filed in Champaign County, except count III, on grounds of double jeopardy and immunity. He did not seek to dismiss count III because it alleged an act that was not charged in the Coles County case. The State admitted that the Coles County charges and the Champaign County charges were based on the same acts. The Champaign County circuit court denied defendant's motion. Defendant took an interlocutory appeal to the appellate court arguing double jeopardy under Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)), and the appellate court affirmed (336 Ill. App. 3d 356). We allowed defendant's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## II. ANALYSIS

Defendant has not challenged the two convictions that warranted his imprisonment, and those convictions have never been overturned. Instead, defendant asks this court to enforce the Coles County plea agreement and prevent the Champaign County State's Attorney from prosecuting him for crimes based upon the same conduct as those offenses that were included as part of the Coles

County plea agreement. Defendant has framed the issue as whether the Champaign County charges are barred by double jeopardy or by principles of implied immunity "by virtue of the executed and final plea agreement in Coles County which any court in Illinois must enforce." In making this argument, defendant relies heavily on the use of the "same-conduct" test adopted by the United States Supreme Court in *Grady v. Corbin*, 495 U.S. 508, 521-22, 109 L. Ed. 2d 548, 564-65, 110 S. Ct. 2084, 2093 (1990). The *Corbin* decision was later overruled, however, in *United States v. Dixon*, 509 U.S. 688, 704, 125 L. Ed. 2d 556, 573, 113 S. Ct. 2849, 2860 (1993).

The double jeopardy clauses of the federal and Illinois constitutions prohibit twice subjecting a defendant to "jeopardy of life or limb" for the same offense. U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 10. This constitutional principle bars three specific actions: (1) prosecution for the identical offense after an acquittal; (2) prosecution for the identical offense after a conviction; and (3) the imposition of more than one punishment for the same offense. *People v. Sienkiewicz*, 208 Ill. 2d 1, 4 (2003). To determine whether a constitutional double jeopardy violation has occurred, this court has recently repudiated the *Corbin* "same-conduct" test advanced here by defendant and readopted the "same-elements test" originally established in *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932). *Sienkiewicz*, 208 Ill. 2d at 5. Under the *Blockburger* same-elements test, multiple prosecutions are permissible under constitutional principles of double jeopardy if each of the offenses contains at least one element not present in the others. *Sienkiewicz*, 208 Ill. 2d at 5. In *Sienkiewicz*, 208 Ill. 2d at 6, our analysis included an initial consideration of whether the two prosecutions were based on the same acts before applying the same-elements test. Here, it is undisputed that the charges

brought in both Coles County and Champaign County were based on the same conduct, and, thus, we may bypass that step and proceed directly to the application of the *Blockburger* test.

In Coles County, defendant was charged with four counts of criminal sexual assault. Counts I and II were filed pursuant to section 12—13(a)(3) of the Criminal Code of 1961 (Code) (720 ILCS 5/12—13(a)(3) (West 1998)), requiring the State to prove that the victim "was under 18 years of age when the act was committed and the accused was a family member" (720 ILCS 5/12—13(a)(3) (West 1998)). Counts III and IV were filed pursuant to section 12—13(a)(1) (720 ILCS 5/12—13(a)(1) (West 1998)) and required proof that defendant used force or the threat of force in committing the offense (720 ILCS 5/12—13(a)(1) (West 1998)).

In contrast, the Champaign County charges consisted of five counts of *predatory* criminal sexual assault of a child (720 ILCS 5/12—14.1 (West 1998)). These counts required the State to prove that defendant was at least 17 years of age and the victim "was under 13 years of age when the act was committed" (720 ILCS 5/12—14.1(a)(1) (West 1998)).

Comparing these two sets of charges, it is apparent that each of the charged offenses requires proof of an element not required in the others. One of the Coles County charges required proof that the victim was under 18 years of age, along with proof that defendant was a family member (720 ILCS 5/12—13(a)(3) (West 1998)), and the other required proof that force was involved in the offense (720 ILCS 5/12—13(a)(1) (West 1998)). None of these elements are present in the predatory criminal sexual assault charges filed in Champaign County. Conversely, to convict defendant of predatory criminal sexual assault, the State would have to prove both that defendant was at least 17 years old and that the victim

was younger than 13 years of age (720 ILCS 5/12—14.1(a)(1) (West 1998)). Neither of the Coles County charges involved any proof of defendant's age. Thus, each of the Champaign County charges contains at least one element not present in any of the Coles County charges. The Champaign County charges satisfy the *Blockburger* test and do not violate defendant's constitutional right to avoid double jeopardy, "notwithstanding a significant overlap in the proof offered to establish the crimes." *Sienkiewicz*, 208 Ill. 2d at 6.

Next, we turn to the statutes cited by the parties. The relevant statutory provisions are sections 3—4(a)(1) and 3—4(b)(1) of the Code (720 ILCS 5/3—4(a)(1), (b)(1) (West 2002)). Section 3—4(a)(1) provides as follows:

"§ 3—4. Effect of Former Prosecution.

(a) A prosecution is barred if the defendant was formerly prosecuted *for the same offense*, based upon the same facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction[.]" (Emphasis added.) 720 ILCS 5/3—4(a)(1) (West 2000).

In Coles County, defendant was prosecuted for criminal sexual assault. As our *Blockburger* same-elements analysis revealed, this offense is distinct and separate from the predatory criminal sexual assault counts filed in Champaign County. Since the two prosecutions are not "for the same offense" (720 ILCS 5/3—4(a)(1) (West 2000)), section 3—4(a)(1) does not bar the Champaign County prosecution.

We now consider the effect of section 3—4(b)(1) on the Champaign County prosecution. Section 3—4(b)(1) states:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal,

and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or *was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code* (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began[.]" (Emphasis added.) 720 ILCS 5/3—4(b)(1) (West 2000).

Here, the crucial clause is the second one, referencing section 3—3 of the Code. Section 3—3 provides, in relevant part:

"(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution *** if they are based on the same act." 720 ILCS 5/3—3(b) (West 2000).

As the appellate court noted, when the Coles County prosecution was commenced, venue was improper in that county. 336 Ill. App. 3d at 367. See also 720 ILCS 5/1—6 (West 2000) (stating "[c]riminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law. *** All objections of improper place of trial are waived by a defendant unless made before trial"). Thus, the Coles County State's Attorney could not have been the "proper prosecuting officer" as required in section 3—3(b). See 720 ILCS 5/3—3(b) (West 2000). This same rationale also defeats defendant's claim on appeal that count III of the Champaign County indictment, although not included in his motion to dismiss, should be barred by section 3—3 because the Coles County prosecutor knew of the underlying conduct but chose not to file charges for it. Accordingly, none of the Champaign County charges constitute offenses "with which the defendant should have been charged on the

former prosecution, as provided in Section 3—3 of this Code," and the Champaign County prosecution is not barred by section 3—4(b)(1). Therefore, the Champaign County prosecution does not violate either section 3—4(a)(1) or section 3—4(b)(1), and the appellate court correctly affirmed the trial court's denial of defendant's motion to dismiss on grounds of former jeopardy.

Although we have concluded that the Champaign County prosecution is not barred by the double jeopardy principles embodied in our federal and state constitutions or by sections 3—4(a)(1) and 3—4(b)(1) of the Code, this conclusion does not reach the common law principle of one-act, one-crime as stated in *People v. King*, 66 Ill. 2d 551 (1977). The State acknowledged at oral argument that this principle will ultimately become an issue in this case. Nonetheless, we need not address that issue at this time.

Finally, defendant asserts that because he fulfilled his obligations under the plea agreement, implied immunity extended to greater charges stemming from the acts underlying any of the Coles County charges. In support, he cites *People v. Mullenhoff*, 33 Ill. 2d 445 (1965), *People v. Valentine*, 122 Ill. App. 3d 782 (1984), and *People v. Smith*, 233 Ill. App. 3d 342 (1992). All of these cases are inapposite. In both *Mullenhoff* and *Valentine*, a second set of charges based on the same conduct was filed in *the same county* after the defendant was either acquitted (*Mullenhoff*) or entered a guilty plea (*Valentine*) on the original charges. The key distinction in this case is that the charges were filed in *two different counties*, thereby involving distinctly different considerations than those in *Mullenhoff* and *Valentine*. As for *Smith*, that court specifically distinguished the "cooperation-immunity agreement" at issue there from a plea agreement such as the one in this case. *Smith*, 233 Ill. App. 3d at 349.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the appellate court affirming the trial court's denial of defendant's motion to dismiss on grounds of double jeopardy and remanding the cause to the trial court of Champaign County for further proceedings.

*Appellate court judgment affirmed.*

JUSTICE KARMEIER took no part in the consideration or decision of this case.