THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FREDERICK E. YARBROUGH, Defendant-Appellant.

Fourth District   No. 4—86—0646

Opinion filed June 11, 1987.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, and Frederick R. Redell, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On July 16, 1986, defendant was found guilty by a jury in the circuit court of McLean County of two counts of home invasion and heinous battery, two counts of robbery, aggravated battery, and residential burglary in violation of sections 12—11(a)(2), 12—4.1, 18—1, 12—3, and 19—3, respectively, of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 12—11(a)(2), 12—4.1, 18—1, 12—3, 19—3). On August 28, 1986, the defendant was sentenced to the following concurrent terms of imprisonment: 50 years, 50 years, 50 years, 14 years, 14 years, 10 years, and 30 years, respectively. Defendant appeals claiming (1) the convictions for one count of home invasion, one count of robbery, aggravated battery, and residential burglary should be vacated; (2) the extended-term sentences imposed for the convictions for home invasion and heinous battery were improper because the trial court relied on conduct inherent in each offense in finding the defendant eligible for the extended-term sentences; and (3) the sentences for the convictions for robbery, residential burglary, and aggravated battery should be reduced because the trial court imposed extended-term sentences for which the defendant is not eligible. We affirm in part and vacate in part.

The evidence shows that on February 7, 1986, Virgil Willis and his aunt, Anna Spitzer, resided at 408 North Livingston Street in Bloomington. At approximately 6 p.m., the defendant knocked at the front door. Willis opened the door, and a liquid substance was thrown into his face and eyes resulting in a burning sensation. The defendant then knocked Willis backward into the house. Anna Spitzer entered the room. The defendant slapped her and knocked her down. She got to her feet, and later the defendant grabbed her and threw her into the bedroom, breaking her hip. He then slapped her across the face, knocking off and breaking her glasses. Subsequently, in pursuit of valuables, the defendant, finding Spitzer could not stand up due to her injury, dragged her by the hair to another room. During the incident, Willis asked to be allowed to wash the substance off his face, and the defendant refused. At one point, in an effort to alleviate the burning, Willis attempted to get to the bathroom, but the defendant barred his way. The defendant made off with a diamond ring and approximately $30 to $40 in cash. Willis suffered extreme scarring on his face, total loss of vision in his left eye, and substantial damage to

his right eye. Anna Spitzer suffered a broken hip. Anna Spitzer was 82 years of age at the time of the incident, and Willis was 56. The testimony of medical experts indicated that the burns and the injury of Willis were caused by a substance of alkaline nature that had been thrown in his face. The only treatment for such burns is to flush the area with gallons of water as soon as possible.

■ Defendant argues that various convictions should be vacated. He first urges, and the State concedes, that one of the home invasion convictions should be vacated since a defendant can only receive one home invasion conviction per entry. The home invasion statute (Ill. Rev. Stat. 1985, ch. 38, par. 12—11) refers to "person or persons" as potential victims which indicates that only one offense can be carved from one entry regardless of the number of victims. (*People v. Hawkins* (1984), 125 Ill. App. 3d 520, 446 N.E.2d 299; *People v. Ammons* (1983), 120 Ill. App. 3d 855, 458 N.E.2d 1031.) Therefore, we must vacate count II, the home invasion conviction involving Virgil Willis.

■ Defendant next asserts that the home invasion conviction involving Anna Spitzer arises from the same physical acts as the aggravated battery conviction and the residential burglary conviction. Therefore, he believes the aggravated battery and residential burglary convictions should be vacated. He is mistaken. We answered that very question, only involving burglary rather than residential burglary, in *People v. Rathgeb* (1983), 113 Ill. App. 3d 943, 949, 447 N.E.2d 1351, 1354:

> "Neither burglary, aggravated battery, nor home invasion are included offenses of the other either by definition or as charged. Burglary occurs when an unauthorized entry is made with the intent to commit a felony or theft. (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a).) Home invasion requires no specific intent at the time of unauthorized entry but requires injury to a person after the entry. (Ill. Rev. Stat. 1981, ch. 38, par. 12—11(a)(2).) Battery can be an included offense of home invasion, but here the aggravated battery charged was based upon the battery being against a victim 60 years of age or older. (Ill. Rev. Stat. 1981, ch. 38, par. 12—4(b)(10).) Neither by the statutory provision for home invasion, nor as charged was the victim required to be 60 years of age or older. *** None of the convictions need be set aside because of the existence of other convictions."

We see no reason to change our decision simply because this case involves residential burglary rather than burglary.

■ Defendant also argues he should receive only one robbery

conviction. Our review of the transcript shows the robbery charges were alternately worded counts of the same offense. One was worded with taking by the use of force and the other taking with threat of imminent use of force. Since these two counts rise out of the same physical act, one must be vacated. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) Therefore, we vacate the conviction for count IV, robbery by threatening the imminent use of force.

Defendant, therefore, stands properly convicted of count I (home invasion involving Anna Spitzer), count III (heinous battery involving Virgil Willis), count V (robbery), count VI (aggravated battery) and count VII (residential burglary). Defendant argues now that the sentences he received for this conduct are incorrect.

■ Defendant first alleges the extended-term sentences for the home invasion and the heinous battery convictions must be reduced since the trial court relied on conduct inherent in each offense in finding the defendant eligible for extended term. We disagree.

The extended-term provisions for sentencing are contained in section 5—5—3.2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)). If the court finds any of the listed factors present, then the court may impose an extended-term sentence pursuant to section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2).

In this case, the court found two of these factors present in the home invasion conviction involving Anna Spitzer. The first was that Spitzer was a person 60 years of age or older at the time of the offense. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(ii).) The second was that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(2)) in that the defendant dragged her by her hair after knocking her down. The court found the offense of heinous battery was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty due to the throwing of the caustic substance in Willis' face and the refusal to let him wash it off.

Defendant argues the conduct the court relied on in the home invasion offense involving Anna Spitzer is inherent conduct of the offense, and, therefore, cannot be considered to qualify the defendant for extended term. The home invasion offense was complete with the entering and the striking and the knocking down of Spitzer. The act of dragging her by her hair is not inherent to the offense since it is not necessary to support the conviction. Furthermore, the act of dragging an 82-year-old woman, with a broken hip which the defendant

just administered to her, by the hair from one room to the next clearly supports the trial court's finding that the defendant's behavior was exceptionally brutal or heinous and is indicative of wanton cruelty. Also, as the trial court noted, the fact that Spitzer is over 60 years of age would qualify the defendant for extended term.

■ Defendant next asserts that since the offense of heinous battery requires the defendant to have caused severe or permanent disability or disfigurement by means of a caustic substance, the trial court was incorrect in finding the defendant qualified for extended term. Since the conduct which the court found was brutal or heinous and indicative of wanton cruelty is the predicate conduct of the offense, defendant argues the court erred. Defendant believes the conduct which comprises the offense is not sufficient to allow the court to find the defendant should qualify for extended term. However, if that reasoning is followed, then, for example, a defendant convicted of murder could never qualify for extended term based on the act of the murder, no matter how outrageous. This is not true. See *People v. Cabrera* (1985), 134 Ill. App. 3d 526, 480 N.E.2d 1170; *People v. Williams* (1985), 134 Ill. App. 3d 334, 480 N.E.2d 205.

Some behavior is so much more brutal or heinous and so clearly indicative of wanton cruelty that it qualifies a defendant for extended term even if it is the predicate act of the offense. The conduct in this case resulting in total blindness of Willis' left eye and substantial impairment of the right is such behavior. Further, the behavior of the defendant in not allowing Willis to mitigate the damage by rinsing with water and physically keeping him from doing so is also the brutal and heinous behavior indicative of wanton cruelty envisioned by the statute.

■ Finally, defendant asserts the extended-term sentences on the robbery, aggravated battery, and residential burglary are incorrect. We agree. The supreme court has made clear that the extended-term statute only authorizes an extended-term sentence on the convictions of the most serious class offense of which the accused is convicted. (*People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569.) The home invasion and heinous battery convictions are Class X felonies. The others are lesser felonies. Therefore, pursuant to *Jordan*, we have no alternative but to lower those sentences to the maximum, non-extended term available. Thus, the defendant's sentences are reduced to (1) 7 years for robbery, (2) 5 years for the aggravated battery, and (3) 15 years for the residential burglary.

For the foregoing reasons, we affirm the 50-year sentences for count I (home invasion involving Anna Spitzer) and count III (heinous

battery), and we reduce the sentences on count V (robbery) to 7 years, count VI (aggravated battery) to 5 years, count VII (residential burglary) to 15 years, and we vacate count II (home invasion involving Virgil Willis) and count IV (robbery).

Affirmed in part, modified in part, and vacated in part.

SPITZ, P.J., and McCULLOUGH, J., concur.