No. 3--06--0605

_____

Filed September 30, 2008-**CORRECTION**

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--47 |
| HERSHEL MORGAN, | ) ) | Honorable J. Peter Ault, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the opinion of the court:

_____

Pursuant to a fully negotiated plea agreement, the trial court found the defendant, Hershel Morgan, guilty of, among other things, four counts of home invasion (720 ILCS 5/12--11(a) (West 2004)). The court sentenced the defendant to four concurrent 30-year prison terms for these offenses. On appeal, the defendant argues that three of his home invasion convictions and sentences should be vacated under one-act, one-crime principles. We agree, and accordingly, we vacate three of the defendant's convictions and sentences for home invasion.

I. BACKGROUND

The State charged the defendant with having committed seven offenses on December 20, 2005. The State alleged that the

defendant committed four counts of home invasion by entering a residence in Tazewell County and: (1) threatening K. M. with a knife; (2) threatening Corey Buhs with a knife; (3) committing aggravated criminal sexual assault against K. M. by placing his penis in her mouth; and (4) committing aggravated criminal sexual assault against K. M. by placing his penis in her vagina.  He was also charged with having committed two counts of aggravated criminal sexual assault, as described above.  Additionally, the State submitted that the defendant committed a residential burglary during the incident.

The defendant agreed to plead guilty to these seven offenses in exchange for the State: (1) recommending specific sentences; (2) agreeing not to charge the defendant for other offenses in Tazewell County that were under investigation; and (3) dismissing a felony charge in Peoria County.  After the State presented the factual basis for the seven counts, the court accepted the defendant's guilty plea and the terms of the negotiated agreement.  The court sentenced the defendant to: (1) two consecutive 22½-year prison terms for the sexual assault offenses; (2) four concurrent 30-year prison terms for the home invasion offenses; and (3) 15 years of imprisonment for the burglary offense.  The sentences for the home invasion and burglary offenses were to run concurrently both with each other and with the two consecutive sentences.

The defendant filed a timely motion to withdraw the guilty plea in which he did not specifically argue that three of his home invasion convictions and sentences should be vacated under one-act, one-crime principles. During the hearing on the motion, the defendant also did not explicitly raise this argument. The trial court denied the motion, and the defendant appealed.

## II. ANALYSIS

### A. One-act, One-crime

The defendant contends that we should vacate three of his home invasion convictions and sentences under one-act, one-crime principles, pursuant to which more than one offense may not be carved out of a single physical act. See People v. King, 66 Ill. 2d 551, 363 N.E.2d 838 (1977). The Illinois Supreme Court has repeatedly held that, under one-act, one-crime principles, the home invasion statute will support only a single conviction for a single entry to a residence, regardless of the number of persons present or the number of persons harmed by the defendant. See People v. Hicks, 181 Ill. 2d 541, 693 N.E.2d 373 (1998); People v. Cole, 172 Ill. 2d 85, 665 N.E.2d 1275 (1996); People v. Sims, 167 Ill. 2d 483, 658 N.E.2d 413 (1995). In other words, according to our supreme court, the home invasion statute (720 ILCS 5/12--11(a) (West 2004)) does not authorize multiple convictions for a single entry to a home.

The State does not challenge the fact that this is the law of Illinois, and does not deny that the defendant only made a single entry to the residence. Rather, the State questions our authority to correct the error of the defendant's multiple convictions on appeal. The State submits that the defendant has forfeited or waived this argument both by: (1) failing to raise it in the trial court; and (2) pleading guilty to the offenses.

## B. Forfeiture or Waiver

### 1. Failure to Raise the Issue in the Trial Court

In the instant case, the defendant did not argue in the trial court that three of his home invasion convictions should be vacated under one-act, one-crime principles. We will consider whether we may reach the defendant's argument despite his failure to raise it with the trial court. Generally, a defendant's argument is forfeited on appeal if it was not raised in the trial court. People v. Enoch, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988). In this case, the defendant failed to raise his one-act, one-crime argument in the trial court. Therefore, it is forfeited on appeal.

Although the defendant's one-act, one-crime issue is forfeited, plain errors affecting substantial rights may be reviewed by an appellate court despite forfeiture. 134 Ill. 2d R. 615(a). The plain error doctrine allows a reviewing court to consider errors affecting a defendant's substantial rights if

4

either: (1) the evidence was closely balanced; or (2) the error was so serious that it affects the integrity of the judicial process. People v. Herron, 215 Ill. 2d 167, 830 N.E.2d 467 (2005).

In the instant case, our consideration of the closeness of the evidence is inapplicable because the defendant was convicted following a guilty plea. Because the defendant's convictions resulted from a plea proceeding rather than a trial, the State offered a factual basis for the plea rather than evidence per se. However, we will analyze whether the erroneous imposition of multiple home invasion convictions was so serious that it may affect the integrity of the judicial process. See Herron, 215 Ill. 2d 167, 830 N.E.2d 467.

In Hicks, 181 Ill. 2d at 545,693;N.E.2d at 375,the Illinois Supreme Court ruled that the question whether the defendant could be convicted of two home invasions, overcame waiver (forfeiture) under the goals of obtaining a just result and maintaining a sound body of precedent. Likewise, in People v. Lee, 213 Ill. 2d 218,226,821 N.E.2d 307,312 (2004), our supreme court stated that the defendant's one-act, one-crime argument was not barred on appeal by failing to raise it in the trial court. Citing People v. Harvey, 211 Ill. 2d 368, 813 N.E.2d 181 (2004), the Lee court said that a one-act, one-crime violation affects the integrity of the judicial process and, therefore, invokes the plain error

5

rule.  See Lee, 213 Ill. 2d at 226, 821 N.E.2d at 312.  In this case, under Hicks, Harvey, and Lee, we are authorized to consider the defendant's one-act, one-crime argument for plain error.

Additionally, we may analyze the defendant's one-act, one-crime argument for plain error because it implicates constitutional double jeopardy principles.  The double jeopardy clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb" and is applicable to the states through the fourteenth amendment.  U.S. Const., amends. V, XIV.  The Illinois Constitution similarly states that "[n]o person shall *** be twice put in jeopardy for the same offense."  Ill. Const. 1970, art. I, §10.

The constitutional prohibition against double jeopardy bars three specific governmental actions, which are: (1) prosecution for the identical offense after an acquittal; (2) prosecution for the identical offense after a conviction; and (3) the imposition of more than one punishment for the same offense.  People v. Gray, 214 Ill. 2d 1, 6, 823 N.E.2d 555,558 (2005).  The one-act, one-crime rule is used to enforce the third prohibition of double jeopardy, which is that a person should not suffer multiple punishments for the same act.  People v. Price, 369 Ill. App. 3d 395,404, 867 N.E.2d 972,980 (2006).  Therefore, the defendant's one-act, one-crime issue is a type of double jeopardy argument.

6

"[T]he seriousness of a double jeopardy issue and the [intimate] relationship of the issue to the integrity and fairness of judicial proceedings warrant considering the issue as plain error." People v. Billops, 125 Ill. App. 3d 483, 485, 466 N.E.2d 304, 306 (1984), quoting People v. Valentine, 122 Ill. App. 3d 782, 784, 461 N.E.2d 1388, 1389 (1984).[1] Therefore, based on Billops, we may reach the defendant's one-act, one-crime issue, as a form of double jeopardy argument, under the second aspect of the plain error doctrine.

Additionally, we note that the concurrent sentences for the defendant's four home invasion convictions raise double jeopardy considerations. Even though the defendant would not serve additional prison time for his three excess convictions, such additional sentences are forbidden because of their potential for adverse collateral consequences. See Rutledge v. United States, 517 U.S. 292, 302, 134 L. Ed. 2d 419,429; 116 S. Ct. 1241, 1248 (1996). These consequences may include: (1) the defendant's eligibility for parole; (2) an increased sentence under a recidivist statute for a future offense; (3) impeachment of the

_____

[1] We note that Valentine was overruled by Price, 369 Ill. App. 3d 395, 867 N.E.2d 972, on other grounds. However, Billops has not been overturned. We also observe that the Billops court misquoted Valentine by substituting the word "infinite" for the word "intimate."

7

defendant's testimony in a future trial; and (4) the societal stigma accompanying any criminal conviction. <u>Ball v. United States</u>, 470 U.S. 856, 84 L. Ed. 2d 740, 105 S. Ct. 1668 (1985). Additionally, the excess sentences may affect the setting of bond, if the defendant has a future encounter with the criminal justice system. <u>People v. Davis</u>, 156 Ill. 2d 149, 160, 619 N.E.2d 750, 756 (1993). Thus, we also should consider the defendant's one-act, one-crime argument because, under double jeopardy principles, there are potential adverse collateral consequences to his excess concurrent convictions. Such potential adverse collateral consequences certainly concern the integrity of the judicial process and, therefore, implicate the plain error rule.

## 2. Guilty Plea

The State contends that the defendant has waived or forfeited his one-act, one-crime argument by entering a guilty plea. The State cites <u>People v. Jackson</u>, 199 Ill. 2d 286, 769 N.E.2d 21 (2002), for the proposition that when a defendant voluntarily pleads guilty, he waives all nonjurisdictional errors or irregularities. We would note, however, that it has been said, "[u]nless there is plain error, a voluntary guilty plea waives all non-jurisdictional errors including violations of constitutional rights[.]" <u>Billops</u>, 125 Ill. App. 3d at 484, 466

8

N.E.2d at 305.  In this case, we have found plain error implicated.

As a preliminary matter, we note that in <u>People v. Blair</u>, 215 Ill. 2d 427, 443,  831 N.E.2d 604, 615 (2005), the Illinois Supreme Court observed that Illinois law has tended to use the terms "waiver" and "forfeiture" interchangeably.  The <u>Blair</u> court, however, pointed out important distinctions between these two terms, when used correctly.  "Waiver" means the voluntary relinquishment of a known right.  <u>Blair</u>, 215 Ill. 2d at 444, FN2, 831 N.E.2d at 615 FN2.  "Forfeiture" is defined as the failure to raise an issue in a timely manner, thereby barring its consideration on appeal.  <u>Blair</u>, 215 Ill. 2d 427,444, 831 N.E.2d 604, 615.

In <u>People v. Townsell</u>, 209 Ill. 2d 543, 547-548, 809 N.E.2d 103, 105 (2004), our supreme court explained that by pleading guilty, a defendant "waives" nonjurisdictional errors, in the sense of voluntarily relinquishing known rights.  The <u>Townsell</u> court emphasized that the term "waiver," as used in cases regarding Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)) concerning plain error, has nothing to do with the voluntary relinquishment of known rights.  To the contrary, according to the <u>Townsell</u> court, the term "waiver," as applied to Rule 615(a), concerns failure to bring an issue to the attention of the trial court.  Although the <u>Townsell</u> court did not explicitly say so,

9

the term "waiver," in the plain error context, actually means "forfeiture."

The Townsell court, therefore, noted that the "waiver" referred to in Jackson, regarding guilty pleas, concerned the voluntary relinquishment of a known right rather than the failure to raise an issue in the trial court. Townsell, 209 Ill. 2d at 547, 809 N.E.2d at 105. The courts in both Townsell and Jackson ruled that the defendants voluntarily relinquished a known due process right concerning an Apprendi sentencing issue by pleading guilty.

However, we cannot assume the present defendant voluntarily and knowingly pled guilty to improper excess convictions, without something in the record suggesting that he voluntarily relinquished a known right by agreeing to these impermissible excess convictions. Therefore, we cannot say that the defendant "waived" his one-act, one-crime argument by pleading guilty.

The State also cites People v. Peeples, 155 Ill. 2d 422, 616 N.E.2d 294 (1993), for the proposition that a constitutional right, like any other right of a defendant, may be waived. Again, we note that the term "waived," as used in Peeples, concerns the voluntary relinquishment of a known right. In Peeples, the court ruled that the defendant voluntarily relinquished his known right to a fair and impartial jury

10

concerning a <u>Batson</u> issue by pleading guilty.  Thus, <u>Peeples</u> is inapplicable to the present case for the same reason that <u>Jackson</u> is inapposite.

Additionally, the State contends that the defendant is estopped from making his current argument under the contract theory of plea agreements announced by the Illinois Supreme Court in <u>People v. Evans</u>, 174 Ill. 2d 320, 673 N.E.2d 244 (1996). However, we find <u>Evans</u> to be procedurally and factually distinguishable from the present case.  In <u>Evans</u>, the defendants were convicted and sentenced pursuant to negotiated pleas.  They then filed motions to reduce their sentences.  Using contract analysis, the <u>Evans</u> court held that defendants who enter into negotiated pleas must move to withdraw their guilty pleas, rather than move to reduce their sentences.  In this case, the defendant did not negotiate a plea and then seek to reduce his sentence. On the contrary, the State negotiated a plea with the defendant, which included improper excess home invasion convictions. Arguably, these negotiations violated contract principles of good faith and fair dealing, absent a showing in the record that the defendant knew the three convictions at issue would be impermissible excess convictions.  But, whatever the situation, in the instant case, the defendant properly preserved his right to appeal by filing a motion to withdraw the guilty plea, rather than a motion to reduce the sentence.  Therefore, because the

11

present case is procedurally and factually distinguishable from Evans, we find the contract analysis of Evans to be inapplicable.

## C. Summary

The State does not contest that three of the defendant's convictions for home invasion violate one-act, one-crime principles because the defendant made a single entry to the residence.  Instead, the State argues that we may not reach this issue on appeal. Neither party argues that the matter should be remanded. We hold that we may consider the question on review, for the reasons stated above, and consequently vacate three of the defendant's home invasion convictions.  See Hicks, 181 Ill. 2d 541, 693 N.E.2d 373; Cole, 172 Ill. 2d 85, 665 N.E.2d 1275; Sims, 167 Ill. 2d 483, 658 N.E.2d 413.

## III. CONCLUSION

For the foregoing reasons, we vacate three of the defendant's convictions and sentences for home invasion imposed by the Tazewell County circuit court.

Vacated in part.

O'BRIEN, J. concurring and MCDADE, P. J. specially concurring.

No. 3--06--0605

_____

Filed September 30, 2008 **CORRECTION**

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE | ) | Appeal from the Circuit Court |
| OF ILLINOIS, | ) | of the 10th Judicial Circuit, |
| | ) | Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 06--CF--47 |
| | ) | |
| HERSHEL MORGAN, | ) | Honorable |
| | ) | J. Peter Ault, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McDADE, specially concurring:

_____

The majority has vacated three of defendant's four convictions for home invasion based on one-act, one-crime principles. I agree that those convictions must be vacated and I, therefore, concur in the judgment.

The difficulty in this case has not been deciding whether three of the convictions and the sentences imposed for them were proper – it is clear that they were not. Rather, the difficulty has been how to overcome principles of waiver and forfeiture which the State has raised to forestall our correction of this clear error.

The majority has utilized a complex analysis involving plain error and violation of the constitutional principles of double jeopardy to conclude that the imposition of these sentences reflects so significantly on the integrity of our judicial system that they cannot be allowed to stand. I am in fundamental agreement with that analysis, although I am troubled by the reliance on double jeopardy inasmuch as it has not been raised by the parties either in the circuit court or in this appeal.

I write separately because I believe the supreme court has articulated an analytical basis for finding additional convictions, such as the three at issue in this case, to be void and therefore appealable without consideration of waiver, forfeiture or guilty plea. I hope to persuade the court to take that step.

Generally, a defendant's argument is forfeited on appeal if it was not raised in the trial court. People v. Enoch, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988). However, a judgment that was not authorized by statute is void, and a defendant may challenge it at any time, even where the judgment was imposed as part of a negotiated plea. People v. Brown, 225 Ill. 2d 188, 199, 866 N.E.2d 1163, 1169 (2007); People v. Palmer, 218 Ill. 2d 148, 154, 843 N.E.2d (2006)[2].

_____

[2]I acknowledge that neither Brown nor Palmer dealt with convictions for home invasion, and they do not provide specific authority that convictions of more than one count of home invasion premised on a single entry would be void. Brown concerns reliance on a statute found unconstitutional for violation of the single subject rule of legislative enactments. Palmer raised the question of whether a sentence not allowed by the relevant sentencing statute is void and thus

14

Under one-act, one-crime principles, more than one offense may not be carved out of a single physical act. People v. King, 66 Ill. 2d 551, 363 N.E.2d 838 (1977). The Illinois Supreme Court has repeatedly held that, under such principles, the home invasion statute will support only a single conviction for a single entry to a residence, regardless of the number of persons present or the number of persons harmed by the defendant. See People v. Hicks, 181 Ill. 2d 541, 693 N.E.2d 373 (1998); People v. Cole, 172 Ill. 2d 85, 101-02, 665 N.E.2d 1275, 1282-83 (1996); People v. Sims, 167 Ill. 2d 483, 658 N.E.2d 413 (1995). In Cole, the supreme court cited with approval six appellate court cases concluding that ?the home invasion statute will support only a single conviction in the circumstances shown here. See, e.g., People v. Palacio, 240 Ill. App. 3d 1078, 1088-89, [607 N.E.2d 1375] (1993); People v. McDarrah, 175 Ill. App. 3d 284, [529 N.E.2d 808] (1988); People v. Parker, 166 Ill. App. 3d 123, [519 N.E.2d 703] (1988); People v. Yarbrough, 156 Ill. App. 3d 643, [509 N.E.2d 747] (1987); People v. Morrison, 137 Ill. App. 3d 171, 177-78, [484 N.E.2d 329] (1985); People v. Ammons, 120 Ill. App. 3d 855, [458 N.E.2d 1031] (1983)." Cole, 172 Ill. 2d at 101-02.

The Cole court stated:

> ?The rationale for this view is found in the legislature's description
>
> of the elements of the offense: the home invasion statute speaks of
>
> a defendant's entry of, or presence in, a dwelling when the
>
> defendant knows or has reason to know 'that one or more persons

---

not subject to forfeiture by the defendant. I rely on Brown and Palmer for their articulation of the general principle that judgments entered without statutory authority are void and a challenge to such judgments is not waived but can be raised at any time even when the conviction/sentence results from a guilty plea.

is present' and, further, of the defendant's use or threat of force while armed 'upon any person or persons' in the dwelling, and of the defendant's intentional injury of 'any person or persons' in the dwelling.  720 ILCS 5/12/-11 (West 1992).  These references to one or more persons in the dwelling signify that a single entry will support only a single conviction, regardless of the number of occupants.  We find this reasoning persuasive, and we agree with the defendant that he cannot be convicted of more than one count of home invasion in this case.  Accordingly, we must vacate one of the convictions and sentences for that offense." Cole, 172 Ill. 2d at 102, 665 N.E. 2d at 1283.

In other words, under the above rulings, the statute does not authorize multiple convictions for home invasion under such circumstances.  I think it fair to restate those rulings as holding that more than one conviction for home invasion when there has been but a single entry is without statutory authority.[3]

Thus, I believe that because the home invasion statute does not authorize multiple convictions for a single entry to a residence, the surplus convictions are without statutory authority and should be deemed void.[4]  Void convictions may be challenged at any time, even

---

[3]Despite the clarity of these holdings, prosecutors continue to seek – either by multiple count complaints or indictments or through plea negotiations – and courts continue to impose multiple convictions and sentences for single-entry home invasion.

[4]I believe that, because home invasion is a creation of statute, there is also no alternate source of authority for the imposition of multiple convictions based on a single entry.

16

where the convictions were imposed as part of a negotiated plea.[5]  See Brown, 225 Ill. 2d 188,

866 N.E.2d 1163.  Furthermore, sentences that were imposed without statutory authority are void

and are not subject to a defendant's forfeiture.  People v. Palmer, 218 Ill. 2d 148, 154, 843 N.E.2d

292 (2006).  Whether a judgment is void is a question of law, which we review de novo.  People

v. Rodriguez, 355 Ill. App. 3d 290, 823 N.E.2d 224 (2005).

In this case, the defendant was convicted of and sentenced for four counts of home

invasion based on a single entry to a residence.  Under one-act, one-crime principles, the

defendant could only be convicted of and sentenced for one count of home invasion.  Three of

the defendant's convictions and sentences for home invasion were thus void because our supreme

court has found in multiple cases cited above (Hicks, Cole, and Sims) that they were not

authorized by statute.  Because these judgments of conviction and sentences were void, they

could be challenged by the defendant at any time, regardless of the fact that the judgments were

imposed as part of a negotiated plea.  See Palmer, 218 Ill. 2d 148, 843 N.E.2d 292; Brown, 225

Ill. 2d 188, 866 N.E.2d 1163.

The State cites People v. Jackson, 199 Ill. 2d 286, 769 N.E.2d 21 (2002), for the

proposition that when a defendant voluntarily pleads guilty, he forfeits all nonjurisdictional errors

or irregularities.  While the instant defendant's argument does not concern a jurisdictional error or

irregularity, I believe the Illinois Supreme Court's more recent pronouncement in Brown renders

Jackson inapposite to the instant case.  Furthermore, a judgment deemed void because it is

unauthorized by statute is analogous to a judgment that is void because the trial court issued it

_____

[5]As importantly, when the statute provides no authority for more than one conviction, it
would seem that the State cannot offer and the court cannot accept a plea which includes the
unauthorized punishment, and that the plea agreement, too, would be void.

without jurisdiction. Thus, by analogy, the void judgments at issue in this case, which I believe are void, would not be forfeited under Jackson.

The State has also cited People v. Peeples, 155 Ill. 2d 422, 616 N.E.2d 294 (1993), for the proposition that a constitutional right, like any other right of a defendant, may be forfeited. The holding of Peeples is also inapposite here because the argument on this particular issue concerns a statutory rather than a constitutional question.

For the foregoing reasons, I believe three of the defendant's four convictions for home invasion should be found void, that we could thus reach his challenge on review, and that those convictions would have to be vacated on that basis.