NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230903-U

NO. 4-23-0903

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 20, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| DALTON BROOKS, | ) | No. 23CF187 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas B. Ewing, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Lannerd and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court vacated the judgment of the trial court and remanded the matter, holding the court erred by denying defendant pretrial release after conducting a detention hearing rather than holding a hearing pursuant section 110-5(e) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-5(e)) (West 2022)).

¶ 2    Defendant, Dalton Brooks, appeals the trial court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), hereinafter as amended by Public Acts 101-652 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). Defendant contends the court abused its discretion by denying him pretrial release after conducting a detention hearing under section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2022)), rather than holding a

hearing under section 110-5(e) (*id.* § 110-5(e)) after he filed a motion to reconsider the conditions of pretrial release. We vacate and remand.

¶ 3                                    I. BACKGROUND

¶ 4          On September 6, 2023, defendant was charged with aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2022)), criminal sexual abuse (*id*. § 11-1.50(c)), and unlawful grooming (*id.* § 11-25). The information alleged that defendant committed acts of sexual conduct with two different victims who were at least 13 years old but under 17 years old. The information alleged he was at least five years older than one of the victims but less than five years older than the other victim. The information alleged that these offenses occurred between August 1, 2023, and August 22, 2023. On the same day the charges were filed, the trial court set defendant's bond at $50,000.

¶ 5          On September 18, 2023, the day the Act went into effect (see *Rowe v. Raoul*, 2023 IL 129248, ¶ 52), defendant filed a "Motion for Release Pursuant to [Section 110-7.5(b)(1) of the Code (725 ILCS 5/110-7.5(b)(1) (West 2022))]," requesting that the trial court reconsider the conditions of his pretrial release.

¶ 6          On September 27, 2023, the trial court held a hearing on defendant's motion. The court began the hearing by asking the State if it wished to make a proffer. The prosecutor asserted that aggravated criminal sexual abuse was a detainable offense and stated: "My concern with [defendant] is the safety of the community in general." The prosecutor indicated defendant was alleged to have committed offenses against two different victims under the age of 17 on two different dates, noting there was at least a 5-year age difference between defendant and one of the victims. The prosecutor stated he considered defendant to be a predator and a danger to young girls in the community.

¶ 7      Defendant testified that, prior to his arrest, he had been living with his sister, her husband, and their children. He stated that he would live with an adult friend if he were released. He indicated he had been employed at the time of his arrest and had a job lined up in the event he was released. Defendant indicated that, if he were ordered to do so, he would meet with a pretrial probation officer, comply with the terms of a curfew, submit to a mental health evaluation and follow any recommendations, and refrain from having contact with anyone under the age of 18. He stated he had the ability to come to court for hearings and he was in the process of getting his driver's license reinstated.

¶ 8      Defense counsel argued defendant should be released with conditions. Counsel argued that the charged offenses were not violent in nature because, while the offenses involved an age gap between defendant and the victims, there was no threat of force. Counsel noted defendant had indicated he had a place to live, would abide by all conditions imposed by the trial court, and would come to court. Counsel also stated defendant did not have a prior criminal history and had gainful employment. The prosecutor stated that nothing in the State's reports "indicate[d] violence *per se*," but the prosecutor indicated he was concerned that the offenses involved two underage victims that occurred weeks apart from one another. The court stated: "I'm concerned about that also. They're, obvious minority [*sic*], and that there is more than one. So, we're going to detain you, and I'm gonna find that's appropriate, enter an order to that effect." The court made no further oral comments on the matter.

¶ 9      The trial court entered a written order stating: "The defendant is denied pretrial release and less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution." (Emphasis omitted.) The court indicated

that its determination was based upon the age of the victims, the fact that there were allegedly multiple victims, and the fact that the alleged incidents occurred over an extended period of time. The court indicated the detention order was entered pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)).

¶ 10　　　　On September 29, 2023, defendant filed a timely notice of appeal utilizing the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023). The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked the following three grounds for relief: (1) the State failed to prove by clear and convincing evidence that he posed a real and present threat to the safety of any person or persons or the community, (2) the State failed to prove by clear and convincing evidence that no combination of conditions could mitigate this threat, and (3) the trial court erred in finding no combination of conditions would reasonably ensure his appearance at later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant included no additional description in his notice of appeal. Defendant also filed a memorandum pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Oct. 19, 2023), in which he argued the court abused its discretion by holding a detention hearing rather than conducting a hearing pursuant to section 110-5(e) of the Code (725 ILCS 5/110-5(e) West 2022)).

¶ 11　　　　On November 20, 2023, the State filed a motion to dismiss defendant's appeal on the basis that his notice of appeal did not comply with the requirements of Rule 604(h) because it failed to describe the grounds for the relief requested. On November 29, 2023, we entered an order granting the State's motion to dismiss.

¶ 12    On December 27, 2023, the Illinois Supreme Court entered a supervisory order directing this court to vacate the order dismissing the appeal and to "treat the notice of appeal filed on September 29, 2023, as a properly perfected appeal from the September 27, 2023, order of the Circuit Court of Fulton County in case No. 23 CF 187, denying the motion for pretrial release." *People v. Brooks*, No. 130295 (Dec. 27, 2023) (supervisory order). Accordingly, we proceed to address the merits of defendant's appellate arguments.

¶ 13                                   II. ANALYSIS

¶ 14    In his memorandum, defendant argues the trial court abused its discretion when it denied him pretrial release after conducting an initial detention hearing under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). Defendant contends that, upon the filing of his "Motion for Release" pursuant to section 110-7.5(b) of the Code (*id.* § 110-7.5(b)), the court was instead required to conduct a hearing under section 110-5(e) of the Code (*id.* § 110-5(e)) to determine whether his continued detention was due to unsatisfied conditions of pretrial release—specifically, the condition that he pay monetary bail—and to determine what available conditions of release could reasonably ensure his future appearances and protect the public. Defendant also argues that, in the event we find this issue forfeited, we may review it as a claim of ineffective assistance of counsel or under the plain error doctrine.

¶ 15    The State argues in its memorandum that the issues raised in defendant's memorandum are improper and should be stricken because he failed to raise them in his notice of appeal. It raises the same arguments in its "Motion to Strike Defendant's Memorandum in Support of Rule 604(h) Appeal." The State asserts: "The text of Rule 604(h) makes clear the memorandum is to *support* arguments raised in the notice of appeal, not create them anew." (Emphasis in original.) It then cites *Jones v. Chicago HMO Ltd. of Illinois*, 191 Ill. 2d 278, 306

(2000), in support of its contention that, because defendant failed to include these arguments in his notice of appeal, we should consider the arguments "waived" and therefore strike them.

¶ 16        While *Jones* states that "[i]ssues raised for the first time on appeal are [forfeited]" (*id.*), it does not hold that a forfeited argument should be stricken from a brief (or in this case, a memorandum) on appeal. See *id.* Also, while Rule 604(h)) directs appellants to "describe the relief requested and the grounds for the relief requested" in the notice of appeal and also provides that an appellant "may file, but is not required to file, a memorandum," nothing in Rule 604(h) suggests that a ground for relief in a memorandum that was not asserted in the notice of appeal should be stricken. Ill. S. Ct. R. 604(h) (eff. Sept.18, 2023). Accordingly, we reject the State's argument that the arguments in defendant's memorandum should be stricken, and we deny the State's "Motion to Strike Defendant's Memorandum in Support of Rule 604(h) Appeal."

¶ 17        While we do not strike the arguments in defendant's memorandum, we find that principles of forfeiture apply and that defendant forfeited his argument that the trial court applied the wrong hearing requirements at the hearing on his "Motion for Release" by failing to raise this claim in the trial court or in the notice of appeal. See *People v. Morgan*, 385 Ill. App. 3d 771, 773 (2008) ("Generally, a defendant's argument is forfeited on appeal if it was not raised in the trial court."); *People v. Martin*, 2023 IL App (4th) 230826, ¶ 19 (holding that the defendant forfeited an issue that was raised in his Rule 604(h) memorandum but not in his notice of appeal).

¶ 18        However, "forfeiture is a limitation on the parties, not the court, and we may exercise our discretion to review an otherwise forfeited issue." *People v. Curry*, 2018 IL App (1st) 152616, ¶ 36. We may overlook a party's forfeiture of an issue "when necessary to obtain a just result." (Internal quotation marks omitted.) *People v. Raney*, 2014 IL App (4th) 130551,

- 6 -

¶ 33. Pursuant to these principles, we elect to address defendant's claim that the court erred by applying the wrong hearing requirements at the hearing on his "Motion for Release" pursuant to section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)).

¶ 19 We review the trial court's decision to deny defendant pretrial release for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. Also, to the extent that defendant's argument presents an issue of statutory construction, our review is *de novo*. *People v. Jones*, 2023 IL App (4th) 230837, ¶ 13. "The primary objective of statutory construction is to ascertain and give effect to the legislature's intent." *People v. Gutman*, 2011 IL 110338, ¶ 12. "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Id.*

¶ 20 Section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)) provides:

"(b) On or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5.

On or after January 1, 2023, any person, not subject to subsection (b), who remains in pretrial detention and is eligible for detention under Section 110-6.1 shall be entitled to a hearing according to the following schedule:

(1) For persons charged with offenses under paragraphs (1) through (7) of subsection (a) of Section 110-6.1, the hearing shall be held within 90 days of the person's motion for reconsideration of pretrial release conditions.

(2) For persons charged with offenses under paragraph (8) of subsection (a) of Section 110-6.1, the hearing shall be held within 60 days of the person's motion for reconsideration of pretrial release conditions.

(3) For persons charged with all other offenses not listed in subsection (a) of Section 110-6.1, the hearing shall be held within 7 days of the person's motion for reconsideration of pretrial release conditions."

¶ 21 Section 110-5(e) of the Code provides:

"If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 22 Here, defendant was previously ordered released on the condition of depositing monetary security. However, he remained in pretrial custody due to his failure to satisfy this condition. Accordingly, when he filed his motion for release pursuant to section 110-7.5(b) of the Code (*id.* § 110-7.5(b)), he was entitled to a hearing under section 110-5(e). At this type of

hearing, the trial court is to conduct an inquiry to determine the reasons for the defendant's continued detention. *Id.* § 110-5(e). If the court determines the defendant's continued detention is due to the unavailability of or his ineligibility for one of more of the previously ordered conditions of release, including the inability to pay, the court is to "reopen the conditions of release hearing to determine what available pretrial conditions exist that [would] reasonably ensure the appearance of [the] defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.*

¶ 23          The trial court in this case did not conduct a hearing pursuant to the requirements of section 110-5(e), as it did not inquire into the reasons for defendant's continued detention or consider what available conditions of pretrial release could reasonably assure his future appearance, the safety of any other person, and his compliance with the conditions of release. Instead, the court appeared to conduct a detention hearing, as the court ordered defendant detained, offering very little comment after hearing the parties' evidence and arguments. The court's written order confirmed that it was ordering defendant detained pursuant to section 110-6.1 of the Code (*id.* § 110-6.1). This was improper. Neither section 110-5(e) nor section 110-7.5(b) of the Code (*id.* §§ 110-5(e), 110-7.5(b)) authorized the court to *sua sponte* hold a detention hearing in response to a defendant's section 110-7.5(b) motion. Moreover, other provisions of the Act indicate that a defendant may be detained only after a hearing pursuant to section 110-6.1 of the Code, which is to be initiated by the prosecutor filing a verified petition. *Id.* § 110-2(a), (e); 110-6.1. Here, the State did not file a verified petition to detain defendant and did not even argue for defendant's detention beyond vaguely noting that one of the charged offenses was "detainable" and expressing "concern" for the safety of the community.

¶ 24　　　　Thus, as the only matter pending before the trial court was defendant's section 110-7.5(b) motion, it was improper for the court in this case to hold a detention hearing under section 110-6.1 rather than a hearing under section 110-5(e) to determine whether defendant remained in detention due to his inability to pay and, if so, what available conditions of pretrial release would reasonably assure his future appearance, the safety of any other person, and his compliance with the conditions of release. Because we find the court's judgment must be vacated and the matter remanded for a new hearing due to the improper procedure employed by the court, we need not address the additional bases for relief claimed by defendant.

¶ 25　　　　　　　　　　　　　III. CONCLUSION

¶ 26　　　　For the reasons stated, we vacate the judgment of the trial court and remand for a hearing on defendant's section 110-7.5(b) motion in compliance with section 110-5(e) of the Code (*id.* § 110-5(e)).

¶ 27　　　　Vacated and remanded.